three items, amounting to $5,200, which the evidence shows Lantry had bought of the Interstate Equipment & Engineering Company for $3,850, and paid for prior to September 14, 1907. The Supply Company was not entitled to apply any part of the $9,300 it received from the Tidewater Company in payment of the articles Lantry bought from the Interstate Company, first, because Lantry had paid for such articles before the Supply Company received the $9,300, and second, because no authority from Lantry to make such application is shown by the evidence.

We find no reversible error in the instructions, and we cannot say that the verdict is so manifestly against the evidence as to warrant a reversal of the judgment, and it will be affirmed.

*Affirmed.*

### Albert Kozak, Appellee, v. Western Iron Company et al., Appellants.

#### Gen. No. 19,831. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. MCDONALD, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed October 13, 1914.

### Statement of the Case.

Action by Albert Kozak against Western Iron Company, Joseph Ulrich, Carrie Ulrich and others to recover damages for personal injuries sustained by plaintiff by falling from a scaffold supported by trestles in a street. The accident was caused by a wheel of a wagon striking one of the trestles. To reverse a judgment against the defendants, Western Iron Com-

pany, Joseph Ulrich and Carrie Ulrich, said defendants appeal.

JOEL C. CARLSON, for appellants.

FRANK S. BURGESS and EDWARD MAHER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

JUDGMENT, § 193*—*when joint judgment cannot be sustained.* A judgment against joint defendants cannot be sustained where the evidence is insufficient to sustain a verdict against one of the defendants.

---

## Roy Prickett by John W. Prickett, Appellee, v. Sarah Pardridge et al., Appellants.

### Gen. No. 19,847.

1. LANDLORD AND TENANT, § 230*—*when owners not liable for injury to child of tenant by falling from roof.* Where a child of a tenant went upon the roof of a three-story tenement building and in attempting to jump from it to the roof of an adjoining building fell and was injured, *held* that the owners of the buildings were not liable on the theory that they owed to the tenants and their families the duty to exercise care to keep the roof in a reasonably safe condition, it appearing that there were steps leading to the roof and that the roof was used by the tenants for drying clothes, but it not appearing that the owners had knowledge that children went upon the roof, or that the roof was used as a playground or breathing place by the invitation or with the knowledge and consent of the owners.

2. NEGLIGENCE, § 45*—*when owners of building not liable on theory of maintaining dangerous roof attractive to children.* Where a child went upon the roof of a three-story tenement building and

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.